AO 104 (02/09) Tracking Warrant

U.S. District Court
Eastern District of Wis.

I hereby certify that this is a true and correct copy of the original now remaining of record in my office.
WILLIAM E. DUFFIN
U.S. Magistrate Judge
DATED: 3/28
By: CLERK

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked)*<br>a 2002 Nissan, model Altima, with<br>VIN of 1N4AL11D82C145961 | )<br>)<br>) Case No. 16-M-1230<br>)<br>)<br>) |

## TRACKING WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☒ is located in this district; ☐ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other:

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that
*(check the appropriate box)* ☐ using the object ☒ installing and using a tracking device
to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: a 2002 Nissan, model Altima, with VIN of 1N4AL11D82C145961
1956 South 23rd Street, Milwaukee, WI 53204

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device within ten days from the date of this order and may continue use for 45 days. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☐ into the vehicle described above   ☐ onto the private property described above
☐ in the daytime only *(i.e., 6:00 a.m. to 10:00 p.m.)* ☒ at any time of day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to United States Magistrate Judge *(name)* Duffin and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*   ☒ for 30 days *(not to exceed 30)*
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 3/28/16 @ 10:30 a.m.   _William E. Duffin_
                                              *Judge's signature*

City and state:   Milwaukee, Wisconsin        Honorable William E. Duffin, U.S. Magistrate Judge
                                              *Printed name and title*

U.S. District Court
Eastern District of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office.
WILLIAM E. DUFFIN
U.S. Magistrate Judge
DATED: 3/28
By: CLERK

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
a 2002 Nissan, model Altima, with ) Case No. 16-M-1230
VIN of 1N4AL11D82C145961 )
)

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __18__ U.S.C. §1591 & 21 U.S.C. § 841&846. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.
☐ The person, property, or object is not now located in this district, but will be at the time of execution.
☐ The activity in this district relates to domestic or international terrorism.
☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;
☑ property designed for use, intended for use, or used in committing a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
1956 South 23rd Street, Milwaukee, WI 53204
a 2002 Nissan, model Altima, with VIN of 1N4AL11D82C145961

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Ian House, HSI
*Applicant's printed name and title*

Sworn to before me and signed in my presence.
Date: 3/28/16

_____
*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR THE INSTALLATION AND MONITORING OF A GLOBAL POSITIONING DEVISE (GPS)

I, Ian House, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

I make this affidavit in support of an application for a warrant allowing the installation and monitoring of a global positioning device (GPS) on a 2002 Nissan, model Altima and having the vehicle identification number (VIN) of 1N4AL11D82C145961 (the "Target Vehicle"). The "Target Vehicle" is green in color and bears the ▮▮▮ license plate number ▮▮▮ The Department of Motor Vehicle records indicate that the vehicle is registered to a ▮▮▮ ▮▮▮ and ▮ address is listed as ▮▮▮, ▮

1. I, as well as other sworn law enforcement personnel, have conducted surveillance at the residence of Jose FACIO-SANTOS, located at 1956 South 23rd St, Milwaukee, WI, which is also the registered address of the "Target Vehicle." Law enforcement has observed the "Target Vehicle" parked at the residence for long periods of time, and has observed FACIO-SANTOS driving and repairing the vehicle. Through the course of the investigation to date, there has been no discovery of ▮▮▮ either residing or visiting Jose FACIO-SANTOS at the residence. Furthermore, law enforcement has not observed ▮▮▮ driving the "Target Vehicle."

2. I am seeking Court authorization to install and monitor a GPS on the "Target Vehicle" as I believe that probable cause exists that the "Target Vehicle" is being used by Jose FACIO-SANTOS and other members of a drug and human trafficking organization, in violation

1

of 21, United State Code, Sections 841 and 846 (federal narcotics) and 18, United States Code, Section 1591 (human trafficking).

3. I am currently a Special Agent with United States Homeland Security Investigations (HSI) under Immigration and Customs Enforcement (ICE), comprised of the former United States Immigration and Naturalization Service (INS) and United States Customs Service. I have been employed by HSI since August 2008. I am currently assigned to the HSI Resident Agent in Charge (RAC) Office of Investigations in Milwaukee, Wisconsin.

4. Prior to my current assignment, I was a United State Customs and Border Protection (CBP) Officer at the Pembina, ND Port of Entry. I was employed by CBP for more than three years from May 2005 to August 2008. While working as a CBP Officer, I was tasked with training new officers regarding the proper procedures relating to identifying and enforcing the Immigration and Customs laws of the United States as well as any federal laws at the international border.

5. Since 2011, I have worked with the Greater Milwaukee Human Trafficking Task Force. In my current employment, I am assigned to investigate alleged violations of the Immigration and Nationality Act (INA) and human trafficking offenses. This includes the enforcement of laws prohibiting the unlawful entry of foreign nationals for the purpose of conducting immoral acts, harboring of illegal aliens for financial gain, narcotics distribution, and money laundering.

6. I have participated in the execution of state and federal search warrants in which controlled substances, drug paraphernalia, drug proceeds, evidence of human trafficking, and financial records were seized. These warrants involved the search of locations ranging from residences and businesses of targets, "stash houses" (houses used to store controlled substances

2

or trafficked persons), and vehicles. Evidence searched for and recovered in these locations have included victims of human trafficking, records pertaining to the expenditures and profits realized there from, monetary instruments, and various assets that were purchased with the proceeds of human trafficking. I have had numerous discussions with other experienced law enforcement officers, and have conducted and been present at numerous interviews concerning the manner in which traffickers and money launderers operate.

7. In the course of my employment and experience, I have become aware of techniques and practices used by traffickers to avoid detection by law enforcement. Among these techniques are the use of counter surveillance, multiple locations at which to conduct illegal activities, hidden compartments in vehicles used to hide currency, the use of pagers, voice mail, cellular telephones, pay phones, email, and the use of numerous associates and "workers" to further their criminal organization. I have also become aware of the various techniques individuals use to conceal the source or nature of these illegal proceeds. Among the techniques utilized are the purchase of assets, vehicles, and financial instruments in nominee names using cash and "structuring" transactions so as to avoid certain reporting requirements of financial institutions. I also know that human traffickers and drug traffickers often use vehicles to deliver money, purchase and deliver narcotics, meet with sources of supply, and facilitate the arrival and departure of potential victims of sex trafficking. Vehicles provide traffickers a more discreet method of transportation and allow them to more easily avoid detection by law enforcement.

8. The facts set forth in this affidavit are from my personal participation in the investigation described below; oral and written reports of other law enforcement officers participating in this and related investigations; and from testimony from confidential sources supporting a dual human trafficking-narcotics investigation into Jose FACIO-SANTOS' human

3

trafficking and cocaine and heroin distribution. The investigation to date has included traditional law enforcement methods, including, but not limited to: confidential informants, documentary evidence, and physical surveillance.

## FACTS SUPPORTING A GPS WARRANT

9. Because this affidavit is submitted for the limited purpose of securing a warrant for the installation and monitoring of a GPS device on the "Target Vehicle," I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for the requested warrant.

10. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Jose FACIO-SANTOS has been involved in a conspiracy to commit sex trafficking, distribute narcotics, and to launder the proceeds of that illegal activity between November 2014 and March 2016 in the State and Eastern District of Wisconsin, as well as elsewhere.

11. Jose FACIO-SANTOS is a Mexican national who was previously removed from the United States as someone who was present in the United States without authorization, in violation of the Immigration and Nationality Act. While in removal proceedings, Jose FACIO-SANTOS self-identified as a member of the violent street gang Tres Locos, a part of the Surenos 13 violent gang. Jose FACIO-SANTOS does not appear to have any known employment.

12. On February 4, 2016, I, along with other special agents from HSI and task force officers from the Drug Enforcement Administration (DEA) Office from Milwaukee, Wisconsin, met at the Eastern District of Wisconsin U.S. Attorney's Office. DEA task force officers explained that they were conducting controlled narcotic buys of cocaine and heroin from Jose FACIO-SANTOS. These narcotic transactions showed that Jose FACIO-SANTOS received

4

narcotics from unknown individuals on a secluded street behind his house, and then he brought the narcotics inside the residence to deliver to a confidential source (CS).

13. The DEA agents explained that during these controlled narcotic operations, they received information that FACIO-SANTOS housed a different Hispanic female at his residence every week for prostitution. The CS saw females within Jose FACIO-SANTOS' residence approximately 8-10 times since November 2014. The CS recalled that he never saw the same female twice.

14. The CS, who is of Mexican descent, spoke on different occasions to the females in the Spanish language and believed their accents to be Puerto Rican, Mexican-American, and Mexican origin. The CS initiated a conversation with one female, who admitted she was from Puerto Vallarta, Mexico. The female further stated she was not allowed to leave Jose FACIO-SANTOS' residence.

15. The CS also reported that Jose FACIO-SANTOS charged $40.00 USD for any customer who arrived at the residence to see the female. Each customer was allowed to conduct any sexual act with the female without any known restraint.

16. I produced a photo of Jose FACIO-SANTOS from his apprehension prior to his removal in 2010 and the CS identified Jose FACIO-SANTOS in the photo.

17. Since this meeting, the CS reported to the DEA and me that Jose FACIO-SANTOS had three females rotate through his residence: a female who was a Columbian national, a female who was an El Salvadoran national, and a Puerto Rican female. During surveillance, I, and other law enforcement officers, saw Jose FACIO-SANTOS depart his residence with a female and travel to unknown locations and return in the "Target Vehicle." Law enforcement also observed that FACIO-SANTOS travelled away from the residence for

5

hours at a time by himself in the "Target Vehicle." To date, FACIO-SANTOS has not been observed in any other vehicle other than the "Target Vehicle."

18. I believe that there is probable cause that Jose FACIO-SANTOS will use the "Target Vehicle" to deliver money, purchase cocaine, deliver cocaine to others, to meet with his sources of supply, and to facilitate the arrival and departure of potential victims of sex trafficking.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 authorizing periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. I am requesting to install a GPS on the "Target Vehicle" for a period of 45 days to allow law enforcement to better understand Jose FACIO-SANTOS' role, identify others involved in the purchasing and selling of cocaine and heroin, to develop evidence of the distribution of cocaine and heroin, and to identify others involved with the trafficking of females in and out of the United States.

20. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

21. It is further requested that in the event that the subject vehicle travels outside the territorial jurisdiction of the court, the order authorize the continued monitoring of the electronic tracking device in any jurisdiction within the United States, pursuant to 18 U.S.C. § 3117.

22. In order to track the movement of the subject vehicle effectively and to decrease the chance of detection, I seek to place a tracking device in or on the subject vehicle while it is in the Eastern District of Wisconsin. Because the "Target Vehicle" may be parked on private

6

property, it may be necessary to enter onto private property and/or move the subject vehicle in order to effect the installation, repair, replacement, and removal of the tracking device. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours.

23. I also request that the Court seal this affidavit, application, and warrant until further order of the Court in order to maintain the integrity of the aforementioned investigation. If the target learns that law enforcement is using a Global Positioning System (GPS) tracking device to investigate the target's criminal activity, the target will likely engage in a number of different behaviors to thwart this investigation including the removal of the device, use of different vehicles, or changes in patterns of travel. In addition, knowledge of this investigation could result in the target fleeing the area and intimidating other persons whom the target suspects may be cooperating with authorities.